J-S34030-24                2026 PA Super 66

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES MICHAEL SWIFT | : | |
| | : | |
| Appellant | : | No. 860 WDA 2023 |

Appeal from the Judgment of Sentence Entered June 28, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010274-2019

BEFORE:  DUBOW, J., LANE, J., and STEVENS, P.J.E.[*]

OPINION BY LANE, J.:                **FILED: March 31, 2026**

This appeal returns to this panel on partial remand from the
Pennsylvania Supreme Court for further consideration in light of its holding in
***Commonwealth v. Smith***, 346 A.3d 1251 (Pa. 2025).  Here, James Michael
Swift ("Swift") appealed from the judgment of sentence imposed following his
convictions of arson-endangering persons, arson-inhabited building, and two
counts of arson-endangering property.[1]  After review, we apply the Supreme
Court's analysis in ***Smith*** to hold the unit of prosecution for the arson-
endangering property statute is each act of arson, and not each property
endangered.  Accordingly, we determine Swift improperly received two
consecutive sentences where he only set fire to one property.  We vacate his
judgment of sentence and remand to the trial court for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. §§ 3301(a)(1)(i), (ii), (c)(2).

As the trial court and the parties are well familiar with the underlying facts, and our prior memorandum has summarized them, we note here only that in July 2019, Swift set fire to the home of his ex-girlfriend, causing substantial damage to it and its two adjoining residences.

Following a jury trial, the jury found Swift guilty of arson-endangering persons, arson-inhabited building, and two counts of arson-endangering property. Notably, the two counts of arson-endangering property arose from the fire spreading to and damaging the two adjoining residences.

On June 28, 2023, the trial court imposed a sentence of five to ten years' imprisonment for arson-endangering persons, and two consecutive terms of fifteen to thirty months' imprisonment for each count of arson-endangering property. Swift filed a timely notice of appeal from his judgment of sentence challenging, *inter alia*, the imposition of separate sentences for his convictions of arson-endangering property as illegal. Swift relied on the analysis within President Judge Lazarus' dissent in **Commonwealth v. Smith**, 298 A.3d 1140 (Pa. Super. 2023) (*en banc*) (discussed **infra**) *reversed*, 346 A.3d 1251.

This panel observed that, at that time, the Pennsylvania Supreme Court had granted allowance of appeal in **Smith**, but had not yet issued any decision. We denied relief and affirmed Swift's judgment of sentence. **Commonwealth v. Smith**, 339 A.3d 390 (Pa. Super. 2025) (unpublished memorandum), *reversed in part*, 2026 WL 112621 (Pa. 2026) (order).

Swift sought allowance of appeal with the Pennsylvania Supreme Court. During this time, the Supreme Court issued a decision in **Smith**, which reversed the Superior Court's ruling. On January 15, 2026, the Court granted partial relief to Swift, limited to the following issue:

> Did the sentencing court impose an illegal sentence by imposing separate, consecutive sentences for Swift's convictions for two counts of arson-endangering property, where the statute providing for the offense, properly construed according to the rules of statutory interpretation, provided for a single sentence no matter how many properties were endangered?

**Commonwealth v. Swift**, 2026 WL 112621 (Pa. 2026) (order) (unnecessary capitalization omitted). In doing so, the Supreme Court vacated our order affirming Swift's judgment of sentence and remanded to us for reconsideration of the above issue in light of the new decision in **Smith**.[2]

Swift's sole claim on remand implicates the legality of his sentence. Swift argues the unit of prosecution for the arson-endangering property statute is the intentional starting of a fire, and not the endangerment of a second property. Swift thus asserts that because the jury found he only intentionally started one fire, the trial court should have imposed a sentence for only one of the arson-endangering property counts, regardless of the number of buildings endangered by that fire.

"When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary. Where a sentence is found to be

---

[2] Following remand, this Court did not require the parties to file new briefs.

illegal, it must be vacated." ***Commonwealth v. Lekka***, 210 A.3d 343, 355

(Pa. Super. 2019) (citations and quotation marks omitted).

In our Supreme Court's recent ruling in ***Smith***, it reviewed the arson-

endangering ***persons*** statute at section 3301(a)(1)(i) of the Crimes Code.[3]

***See Smith***, 346 A.3d at 1254.  That statute provides:

> (1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:
>
> > (i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire[.]

18 Pa.C.S.A. § 3301(a)(1)(i).

The Pennsylvania Supreme Court considered "whether the unit of

prosecution for the offense of arson[-]endangering persons . . . is each act of

arson, or each endangered person." ***Smith***, 346 A.3d at 1253.  The defendant

argued "that the trial court's imposition of four separate sentences for

separate . . . offenses constituted an illegal sentence because Section

3301(a)(1)(i) provides for only a single sentence, regardless of the number of

victims endangered by the commission of a single arson." ***Id***. at 1255.  The

Commonwealth, on the other hand, averred "that the legislature intended that

---

[3] ***See*** 18 Pa.C.S.A. §§ 101-9546.

the unit of prosecution for [the offense] is the number of individuals endangered as a result of the arson." *Id*. at 1258.

The Pennsylvania Supreme Court first determined that section 3301(a)(1)(i) was ambiguous, because it was "capable of multiple reasonable interpretations:" (1) "that the unit of prosecution . . . under Section 3301(a)(1)(i) is each arson[; and (2)] that the unit of prosecution for the offense is each endangered individual." *Id*. at 1262.

Thus, the Pennsylvania Supreme Court set about resolving this ambiguity pursuant to section 1902 of the Statutory Construction Act[4] by considering:

> (1) the occasion and necessity for the statute; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other statutes upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such statute.

*Smith*, 346 A.3d at 1260, 1262 (*citing* 1 Pa.C.S.A. § 1921(c)).  First, the Court considered the legislative history of Pennsylvania's penal statutes, "originally formulated when the state was primarily rural."  *Id*. at 1262 (*quoting* Sheldon S. Toll, *Criminal Law Reform in Pennsylvania: The New Crimes Code*, 78 Dick. L. Rev. 1, 3 (1973)).  These laws imposed "inordinately severe penalties for burning those objects most important to the farming

---

[4] *See* 1 Pa.C.S.A. §§ 1501-1991.

community," such as a "barn, stable or other outhouse[,]" while there were "inadequately lax penalties for putting fire to some objects generally associated with our modern urban way of life[,]" such as "a heavily populated school or theater" or "a teeming tourist cruiser." *Id*.

The creation of our current Crimes Code, however, removed "the harsher sentences for the unlawful burning of those structures deemed of first importance to a rural economy[.]" *Id*. Instead, the Crimes Code now "encompasses all phases of the offense of arson by distinguishing between arson endangering life and arson endangering property only, classifying the former as a felony of the first degree and the latter merely as a felony of the second degree." *Id*. at 1262-63.

The **Smith** Court further noted:

Section 3301, in particular, differentiates between arson endangering persons and property - Section 3301(a) - and arson endangering only property - Section 3301(c) - and allows for a harsher sentence for the former by designating the offense of [arson-endangering persons] as a felony of the first degree. There is nothing, however, to suggest that the underlying intent of Section 3301(a) was to allow for separate convictions and sentences for each endangered individual.[]

**Smith**, 346 A.3d at 1263 (footnote omitted).

The **Smith** Court then reasoned:

Most critically, as noted above, because Section 3301 is a penal statute, under the rule of lenity, it must be strictly construed in favor of [the defendant]. As the United States Supreme Court explained in **Dunn v. United States**, 442 U.S. 100 . . . (1979), the application of the rule of lenity is "not merely a convenient maxim of statutory construction," but, rather, "is rooted in fundamental principles of due process which mandate that no

individual be forced to speculate, at peril of indictment, whether his conduct is prohibited."

Thus, the ambiguity we have discussed above should be resolved in [the defendant's] favor.

*Id*. at 1263 (some citations omitted and paragraph break added).

In the case *sub judice*, the jury found Swift guilty of arson-endangering **property**, under section 3301(c)(2). That statute provides:

> (c) Arson endangering property. — A person commits a felony of the second degree if he intentionally starts a fire or causes an explosion, whether on his own property or that of another, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, and if:
>
> * * * *
>
> (2) he thereby recklessly places an inhabited building or occupied structure of another in danger of damage or destruction[.]

18 Pa.C.S.A. § 3301(c)(2).

We first observe that the issue before the **Smith** Court was the statutory interpretation of section 3301(**a**), arson-endangering persons, only. Nevertheless, we determine that the Supreme Court's reasoning may apply to section 3301(c).

The arson-endangering property statute requires the same, verbatim, initial element of arson-endangering persons: "intentionally start[ing] a fire or caus[ing] an explosion[.]" 18 Pa.C.S.A. § 3301(a)(1), (c). Both statutes then set forth a second required element. Arson-endangering persons provides that the defendant "recklessly place[] another person in danger of death or

- 7 -

bodily injury . . . . " 18 Pa.C.S.A. § 3301(a)(1)(i). The arson-endangering property statute provides that the defendant "recklessly place[] an inhabited building or occupied structure . . . in danger of damage or destruction[.]" 18 Pa.C.S.A. § 3301(c)(2). We reiterate that the **Smith** Court determined that the above language in section 3301(a)(1) was ambiguous, as it supported two reasonable interpretations: that the unit of prosecution is "each arson," and alternatively, that it "is each endangered individual." **Smith**, 346 A.3d at 1262. Similarly, we determine that section 3301(c)(2), with an identical structure, is ambiguous. We may interpret the language to mean that the unit of prosecution is either one arson or one damaged building.

We thus next consider the legislative history, "the mischief to be remedied," and "the object to be attained" pursuant to the Statutory Construction Act. **Id**. at 1260. On this front, we incorporate the relevant discussion set forth in **Smith**. **See id**. at 1263. We also apply the rule of lenity and resolve the statutory ambiguity in Swift's favor. **See id**. at 1263.

Accordingly, we hold that the unit of prosecution in the arson-endangering property statute is each act of arson, and not each damaged building or occupied structure. **See** 18 Pa.C.S.A. § 3301(c)(2). Here, the record established that Swift committed only one act of setting a fire — to his ex-girlfriend's home. Thus, we further determine that the trial court erred in imposing separate sentences for Swift's two counts of arson-endangering property, and we vacate them. As our decision upsets the overall sentencing

scheme, we vacate Swift's judgment of sentence and remand to the trial court for resentencing consistent with this memorandum. **See Smith**, 346 A.3d at 1263.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

3/31/2026